UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANA WILKINSON, <br><br> Plaintiff, <br><br> v. <br><br> PIERCE COUNTY, <br><br> Defendant. | CASE NO. C19-5533 BHS <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable Brian A. Tsuchida, United States Magistrate Judge, Dkt. 27, Plaintiff

Rana Wilkinson's objections to the R&R, Dkt. 28, and Defendant Pierce County's

response, Dkt. 29.

On May 16, 2019, Wilkinson sued Pierce County in the Pierce County Superior

Court for the State of Washington on causes including interference with her rights under

the Family Medical Leave Act, 29 U.S.C. § 2601 and the Washington Family Leave Act,

RCW 49.78.300 (repealed and retitled under RCW 50A), and for constructive discharge

in violation of public policy as protected in the WFLA, and retaliation in violation of the

Washington Industrial Safety and Health Act, RCW 49.17.160. Dkt. 1-2. Pierce County

1  removed the suit to this Court on June 12, 2019. Dkt. 1. On December 1, 2020, Pierce

2  County moved for summary judgment. Dkt. 16. On February 9, 2021, Judge Tsuchida

3  issued the instant R&R, recommending that Pierce County's motion be granted. Dkt. 27.

4  On February 23, 2021, Wilkinson filed objections. Dkt. 28. On March 11, 2021, Pierce

5  County responded. Dkt. 29.

6       The district judge must determine de novo any part of the magistrate judge's

7  disposition that has been properly objected to. The district judge may accept, reject, or

8  modify the recommended disposition; receive further evidence; or return the matter to the

9  magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

10      The R&R is careful and thorough. Wilkinson's objections disagree only with

11 Judge Tsuchida's conclusions, rather than the cited facts and law. However, objections to

12 a R&R are not a vehicle to relitigate the same arguments carefully considered and

13 rejected by the Magistrate Judge. *See, e.g.*, *Fix v. Hartford Life & Accident Ins. Co.*, CV

14 16–41–M–DLC–JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting

15 cases).

16      Regarding her FMLA claim, Wilkinson contends that Judge Tsuchida improperly

17 drew inferences in Pierce County's favor when he determined that her assignment to

18 wash trucks at the Spanaway facility for a week under Jeff Campbell (against whom she

19 had filed a police report) did not represent a denial of her right to return to a position

20 equivalent to her previous one. Regarding her WFLA claim, Wilkinson contends that

21 Judge Tsuchida improperly drew inferences in Pierce County's favor when he concluded

22 that a temporary assignment to the different work location did not violate the WFLA.

1    The Court agrees with Judge Tsuchida's thorough analysis that Wilkinson's return

2    to a temporary assignment within her position description, at the same rate of pay and

3    benefits and at a facility to which she had previously been assigned, did not represent a

4    failure to return her to her prior position or an equivalent one with equivalent benefits

5    under the FMLA. Similarly, the Court agrees with Judge Tsuchida that a temporary

6    assignment based on a validly required drug test, for the period of time the evidence in

7    the record shows the test could take, to a location within her previous work history (in a

8    role that often required work at locations around the county) does not constitute a

9    substantial change in her position in violation of the WFLA. Further, the Court agrees

10   with Judge Tsuchida that evidence would not allow a reasonable factfinder to conclude

11   that the assignment would have been permanent.

12   Wilkinson's objections emphasize that the supervisor against whom she had filed

13   a police report also worked at the location where she was temporarily assigned. However,

14   as noted in the R&R, Wilkinson concedes that her retaliation claim under RCW

15   49.17.160 must be dismissed because she failed to sue within the statutory 30 days. *See*

16   Dkt. 27 at 1. Proximity to this supervisor may very well have been relevant to

17   Wilkinson's forfeited retaliation claim, but Wilkinson does not cite authority showing or

18   otherwise demonstrate that assignment to the same facility as this supervisor renders a

19   position dissimilar from a previous one under the FMLA or the WFLA. Therefore, the

20   Court agrees with Judge Tsuchida that no reasonable factfinder could conclude Pierce

21   County interfered with the exercise of Wilkinson's FMLA or WFLA rights.

22

1    Wilkinson contends that Judge Tsuchida erred in rejecting her constructive

2 discharge claim on a similar basis, that he improperly drew inferences in favor of Pierce

3 County when he concluded that she failed to show either  a pattern of discriminatory

4 treatment related to her WFLA rights or show that a reasonable person in her position

5 would have felt compelled to resign. *See id.* at 24. However, as Wilkinson concedes,

6 Judge Tsuchida did an "admirable job of setting forth the facts of the case." Dkt. 28 at 1.

7 Wilkinson's disagreement is simply an attempt to relitigate the motion, *Fix*, 2017 WL

8 2721168, at *1, and the Court agrees with Judge Tsuchida that Wilkinson did not

9 establish a dispute of fact as to whether the interference with her WFLA rights was so

10 intolerable that a reasonable person would feel compelled to resign. *See* Dkt. 27 at 24.

11    Finally, Wilkinson argues that Judge Tsuchida should not have credited Pierce

12 County's contention that washing trucks was an appropriate assignment while the drug

13 test to restore her commercial drivers' license was pending. She contends that in her

14 experience, washing trucks necessarily involves driving them, and so the assignment was

15 evidence of pretext and/or culpability. Dkt. 28 at 5–6. However, this point is again

16 relevant to her forfeited retaliation claim rather than to her FMLA, WFLA, or

17 constructive discharge claims. Wilkinson fails to establish that an improper purpose for a

18 work assignment would make it more or less equivalent to a prior position under the

19 FMLA or WFLA, or more or less intolerable under a constructive discharge claim.

20 \

21 \

22 \

Therefore, the Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1)     The R&R is **ADOPTED**;

(2)     Pierce County's motion for summary judgment, Dkt. 16, is **GRANTED**; and

(3)     The Clerk shall enter a JUDGMENT and close the case.

Dated this 5th day of May, 2021.

BENJAMIN H. SETTLE
United States District Judge